IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00269-MR
(CRIMINAL CASE NO. 1:12-cr-00055-MR-WCM-1)

| | |
|---|---|
| CEDRIC LLAWENLLYN SURRATT, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1].

**I.    BACKGROUND**

On January 8, 2013, Petitioner was found guilty after a jury trial of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [Criminal Case No. 1:12-cr-00055-MR-1 ("CR"), Doc. 26: Jury Verdict]. The Court sentenced Petitioner to 100 months' imprisonment. [CR Doc. 35: Judgment]. Petitioner appealed, and on September 29, 2014, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. United States v. Surratt, 583 F. App'x 267 (4th Cir. 2014).

Petitioner then filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 which was dismissed with prejudice as time-barred, Civil Case No. 1:18-cv-00074-MR. Surratt v. United States, 2018 WL 2325202 (W.D.N.C. May 22, 2018). The Fourth Circuit denied Petitioner's request for a certificate of appealability and dismissed his appeal. United States v. Surratt, 740 F. App'x 302 (4th Cir. 2018); see also United States v. Surratt, 778 F. App'x 257 (4th Cir. 2019) (dismissing Petitioner's appeal from this Court's denial of Petitioner's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)).

Petitioner filed a § 2255 Motion to Vacate in the instant case on September 14, 2020.[1] He argues that he is actually innocent of violating 18 U.S.C § 922(g) pursuant to Rehaif v. United States, 139 S.Ct. 2191 (2019), and that appellate counsel provided ineffective assistance on direct appeal. The Court stayed this action on November 4, 2020 while the Fourth Circuit considered Petitioner's application to file a second or successive motion to vacate pursuant to 28 U.S.C. §§ 2244 and 2255(h), Fourth Cir. Case No. 20-445. [Doc. 4].

On September 14, 2021, the Fourth Circuit issued an Order denying Petitioner authorization to file a second or successive motion to vacate based

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings).

on Rehaif because Petitioner has not made a sufficient showing of possible merit to warrant a fuller exploration by the district court. [Fourth Cir. Case No. 20-445, Doc. 5].

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings ..." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the Petitioner's motion can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

When an initial motion pursuant to § 2255 has been adjudicated on the merits, a second or successive motion under the statute must be certified by the court of appeals before it may be filed with this Court. 28 U.S.C. § 2255(h). To certify a second or successive § 2255 motion for filing with this Court, the court of appeals must find that the motion contains either: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Without such pre-filing authorization, the district court lacks jurisdiction to consider a successive application. See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003), *abrogated in part on other grounds by* United States v. McRae, 793 F.3d 392 (4th Cir. 2015). A second-in-time § 2255 motion will not, however, be successive when "the facts relied on by the movant seeking resentencing did not exist when numerically first motion was filed and adjudicated." United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014).

The Fourth Circuit has now denied Petitioner's request for authorization to file a second or successive § 2255 action. Accordingly, the Motion to Vacate is unauthorized and it will be dismissed for lack of jurisdiction.

**IV. CONCLUSION**

For the foregoing reasons, Motion to Vacate, Set Aside, or Correct Sentence Under to 28 U.S.C. § 2255 is dismissed for lack of jurisdiction.

The Court further finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. Accordingly, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

# ORDER

**IT IS, THEREFORE, ORDERED** that Motion to Vacate, Set Aside, or Correct Sentence Under to 28 U.S.C. § 2255 [Doc. 1] is **DISMISSED** as an unauthorized, successive petition.

**IT IS FURTHER ORDERED** that this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: September 17, 2021

Martin Reidinger
Chief United States District Judge